UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

JOHN RUBEO,

Supervisee.

No. 12-cr-260 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

On November 10, 2020, the Court ordered Supervisee John Rubeo and the government to file responses to the motion of non-party Jerry Capeci, which seeks to unseal certain documents related to the alleged violations of supervised release discussed during the course of the Court's October 16, 2020 status conference. (*See* Doc. No. 80.) That order further provided that Capeci could file a reply to the responses by November 18, 2020. While the government publicly docketed its response, Rubeo did not. (*See* Doc. No. 81.)

The Court finds that Rubeo has not rebutted the presumption of open records required to justify maintaining Rubeo's November 13, 2020 letter under seal. *See United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). To the extent Rubeo seeks to seal the letter because it references his cooperation, the fact that Rubeo was a cooperator is a matter of public record – and something he openly spoke about in the podcast that precipitated the recent conference. Further, the conditions of supervised release applicable to Rubeo reference cooperation and are publicly docketed in the judgment in this case. (*See* Doc. No. 64.) Under these circumstances, the fact that Rubeo has cooperated with the government or that he continues to communicate from time to time with law enforcement is not, without more, a basis for sealing. Accordingly, and because the letter does not otherwise provide specific personal or private details about Rubeo or his family, IT IS

HEREBY ORDERED THAT Rubeo shall file his November 13, 2020 letter on the public docket, no later than November 17, 2020.

For similar reasons, the Court denies Rubeo's request to redact references to cooperation or contact with law enforcement in his November 2, 2020 letter.  The Court also denies his request to redact references to Rubeo's employment or communications by or with others on social media.  Rubeo again fails to articulate specific reasons explaining how these details implicate privacy concerns sufficient to overcome the strong presumption in favor of open records.  Nonetheless, the Court finds that Rubeo *has* overcome the presumption of open records with respect to certain facts involving the medical history of Rubeo and his family, as well as the living and/or personal financial arrangements of Rubeo's immediate family.  *See Amodeo*, 71 F.3d at 1050.  Accordingly, IT IS HEREBY ORDERED THAT Rubeo shall file on the public docket his November 2, 2020 letter, with limited redactions as permitted in this paragraph, no later than November 17. 2020.  For the avoidance of doubt, Rubeo shall not docket the Probation Office's report, as Capeci's request to unseal that document remains under consideration.  The Court will rule on that motion in due course.

Finally, to allow Capeci sufficient time to respond to Rubeo's November 13, 2020 letter, IT IS FURTHER ORDERED THAT Capeci may file his reply no later than November 20, 2020.  SO ORDERED.

Dated:    November 17, 2020
          New York, New York

RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation