UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

   -v-

JOHN RUBEO,

               Supervisee.

No. 12-cr-260 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

On November 9, 2020, the Court received a motion from non-party Jerry Capeci, requesting that the Court permit him to intervene in this case and unseal certain documents related to alleged violations of supervised release by Supervisee John Rubeo. (Doc. No. 79.) Specifically, Capeci seeks disclosure of a report prepared by the Probation Department detailing the recent specifications filed against Rubeo, as well as a November 2, 2020 letter from Louis Fasulo on Rubeo's behalf responding to those specifications. (*Id.*) The Court is also in receipt of the government's response to Capeci's motion, which has been publicly docketed, and Rubeo's response, which Rubeo requested be filed under seal. (*See* Doc. Nos. 81, 83.)

The Court has since denied Rubeo's request to seal his response to Capeci's motion and ordered Rubeo to docket – with limited exceptions – his November 2, 2020 response to Probation's violations report. (*See* Doc. No. 82.) Rubeo has now complied with the Court's order (*see* Doc. No. 84), and Capeci does not appear to contest the propriety of the limited redactions "[a]t this juncture" (Doc. No. 89 at 3). Accordingly, the portion of Capeci's motion requesting disclosure of the November 2, 2020 letter is now moot.

As for Capeci's efforts to unseal Probation's violations report, Capeci concedes that violations reports are not generally publicly filed. (*See* Doc. No. 89 at 2). Based on Capeci's most

recent letter, he appears to have refined his request to seek disclosure of the three specifications – namely, "what defendant Rubeo has been charged with and what he is pleading guilty to" – rather than the entire report.  (Doc. No. 90).  As the government acknowledges, the nature of the alleged violations is a matter of public concern (*see* Doc. No. 81), and the parties have identified no basis for sealing the specifications themselves.  Accordingly, IT IS HEREBY ORDERED THAT Capeci's motion to intervene and to unseal the specifications is granted.  *See United States v. Aref*, 533 F.3d 72, 81 (2d Cir. 2008) (holding that "a motion to intervene to assert the public's First Amendment right of access to criminal proceedings is proper"); *see also ABC, Inc. v. Stewart*, 360 F.3d 90, 97 (2d Cir. 2004) (explaining that "[b]y hearing the [media organization's] motion, the district court in effect allowed [it] to intervene in the pending criminal proceeding for the limited purpose of challenging" the court's order closing *voir dire* proceedings to the public).

      The Probation Office is respectfully directed to docket the Petition for Summons detailing the three pending specifications alleged against Rubeo.  The Clerk of Court is respectfully directed to update the docket to reflect Capeci's intervenor status in accordance with this order.

SO ORDERED.

Dated:     November 25, 2020
           New York, New York

                                                  RICHARD J. SULLIVAN
                                                  UNITED STATES CIRCUIT JUDGE
                                                  Sitting by Designation